# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLIFTON PICTON,**

    **Plaintiff,**

**v.**                                                                                                                               Case No:   6:19-cv-196-Orl-31DCI

**GREENWAY CHRYSLER-JEEP-DODGE, INC.,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 22) filed by the Defendant, Greenway Chrysler-Jeep-Dodge, Inc. (henceforth, "Greenway"), and the response in opposition (Doc. 23) filed by the Plaintiff, Clifton Picton ("Picton").

### I. Background

So-called "ringless" voicemail technology allows advertisers to transmit recorded messages via the Internet directly to the voicemail box associated with a cellular telephone without causing the phone itself to ring. According to the allegations of the Amended Complaint (Doc. 20) in this putative class action, which are accepted in pertinent part as true for purposes of resolving the instant motion, Greenway used this technology to contact Picton on two occasions in February 2018, leaving messages in his voicemail box promoting an "inventory elimination" sale at its dealership. (Doc. 20 at 12-13). Picton contends that ringless voicemails are subject to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, and because Greenway did not have his express consent to contact him, the two voicemails violated that act.

## II. Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.     Analysis**

   A.     Voicemail and the TCPA

The TCPA prohibits the making of "any call" other than an emergency call "using an "automatic telephone dialing system" to "any telephone number assigned to a … cellular telephone service" without the "prior express consent of the called party".[1]   47 U.S.C. § 227(b)(1)(A)(iii).   Greenway's primary argument is that ringless voicemails are "information service technologies" that are not subject to regulation by the TCPA.   Greenway points to case law and FCC decisions holding that "voice and data storage services" are "enhanced services," which the FCC has consistently refused to regulate.   (Doc. 22 at 6-7).   Greenway also points to case law and FCC decisions holding that voice mail services are "information services" rather than "telecommunications services" and are therefore not subject to the common carrier regulations of Title II of the Communications Act of 1934, 47 U.S.C. § 151 *et seq*.   (Doc. 22 at 7-8).   Based on this, Greenway asserts that "the TCPA simply cannot apply to Plaintiff's claim as pled."   (Doc. 22 at 8).   But the issue is not whether voicemail services are subject to common carrier regulations under the Communications Act (or any other act, for that matter).   The issue is whether the act of inserting a message into someone's voicemail box without their permission might run afoul of the TCPA.   None of the authority cited by Greenway sheds any light on this question.

---

[1] At least at this stage of the proceedings, Greenway does not dispute that the allegations that it lacked consent from Picton to contact him or that an automatic dialing system was utilized in sending the ringless voicemails.

On the other hand, courts have consistently held that calls resulting in voicemail messages are subject to the TCPA. *See, e.g.*, *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012) (stating that the TCPA "curtails the use of automated dialers and prerecorded messages to cell phones … and routing a call to voicemail counts as answering a call") and *Castro v. Green Tree Servicing LLC*, 959 F.Supp.2d 698, 720 (S.D.N.Y. 2013) (holding that for purposes of liability under the TCPA, it was immaterial whether the calls at issue had been answered by the plaintiff or had gone to voicemail). Greenway does not argue that the "ringless" quality of the voicemails here should lead to them being treated differently than other voicemails under the TCPA. Accordingly, the Court rejects the argument that voicemails, or ringless voicemails, are not subject to the TCPA.[2]

### B. Future harm

In the prayers for relief of both counts of the Amended Complaint, Picton seeks, *inter alia*, a declaration that Greenway's practices violate the TCPA and an injunction prohibiting it from

---

[2] Greenway also argues that Picton lacks standing because the TCPA does not "create a legally protected right to sue for merely receiving a voicemail." (Doc. 22 at 5). Again, this is a mischaracterization of the allegations of the Amended Complaint, which go far beyond "merely receiving a voicemail." *See also Schaevitz v. Braman Hyundai*, No. 1:17-cv-23890, 2019 U.S. Dist. LEXIS 48906 (S.D.Fla. March 25, 2019) (holding that ringless voicemails can constitute a "call" subject to the TCPA).

Greenway also complains about the Amended Complaint containing "irrelevant and misleading information" related to Stratics Networks, Inc. ("Stratics"), a different ringless voicemail vendor than the one employed by Greenway. (Doc. 22 at 3). But the references to Stratics in the Amended Complaint were made in the context of a discussion of the *Schaevitz* suit, not a claim that Greenway employed Stratics to make the calls at issue here. In any event, though Greenway contends that "the facts are different and references to Stratics … are irrelevant here because [Greenway] did not engage Stratics," Greenway does not set forth any material differences between the technology or methods utilized by Stratics and those of the vendor employed by Greenway.

committing such violations in the future. (Doc. 20 at 17, 18). Greenway contends that Picton lacks standing to obtain declaratory or injunctive relief because the allegations of the Amended Complaint do not establish a sufficient likelihood that Greenway will cause additional ringless voicemails to be transmitted to his voicemail box. Picton responds that (1) that the proper way to attack a prayer for relief is via a motion to strike rather than a motion to dismiss, and (2) that it is not necessary that a pleading establish entitlement to injunctive relief, when such entitlement would be subject to a subsequent motion. (Doc. 20 at 18).

Greenway is correct. In this circuit, at the motion to dismiss stage, "a prayer for injunctive and declaratory relief requires an assessment … of whether the plaintiff has sufficiently shown a real and immediate threat of future harm." *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2007) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)). Picton does not even attempt to demonstrate that he has alleged a real and immediate threat of receiving additional voicemails from Greenway. His requests for injunctive and declaratory relief will therefore be dismissed.

        C.     <u>Treble damages</u>

The TCPA permits a plaintiff to recover $500 in damages per violation. 47 U.S.C. § 227(b)(3)(B). But if a court finds that a defendant "willfully or knowingly" committed such violations, it may award up to three times that amount. 47 U.S.C. § 227(b)(3). In the second of his two counts of the Amended Complaint, Picton seeks to recover such trebled damages. Greenway complains that Picton has not provided sufficient allegations to show entitlement to the trebled damages. (Doc. 22 at 9-10). However, Picton has alleged that Greenway "knowingly and willfully violated" the TCPA and that Greenway knew that the ringless voicemails at issue

- 5 -

here would violate the TCPA if transmitted without the recipient's consent, which Greenway did not have. (Doc. 20 at 1-2, 13).

However, Greenway also argues that Count II fails for another reason – because it is solely a request for treble damages. In this, Greenway is correct. In Count I, Picton sets forth a claim for violations of 47 U.S.C. § 227(b)(1)(A)(iii) – which, as set forth above, prohibits the use of automated dialers to make calls to cell phones without consent. (Doc. 20 at 16-17). In Count II, Picton sets forth the same claim but adds that Greenway "knew or should have known that its conduct violated" the TCPA and asks the Court to treble the amount of damages otherwise available. (Doc. 20 at 18). But the possibility of treble damages under 47 U.S.C. § 227(b)(3) is not a separate cause of action; it is simply an enhancement of the damages available for a violation of 47 U.S.C. § 227(b)(1)(A)(iii) – which is what Picton has already alleged in Count I. Accordingly, Count II will be dismissed.[3]

**IV.     Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 22) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. The Plaintiff's request for declaratory and injunctive relief is **DISMISSED**; and

2. Count II is **DISMISSED**.

3. In all other respects, the motion is **DENIED**.

And it is further

---

[3] However, if he deems it necessary, Picton will be permitted to amend Count I to add a request for trebled damages.

**ORDERED** that, on or before July 5, 2019, the Plaintiff may file an amended pleading that adds a request for treble damages to the prayer for relief in Count I.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 21, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE