UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLIFTON PICTON, Individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                              CASE NO.: 6:19-cv-196-Orl-31-DCI

GREENWAY CHRYSLER-JEEP-DODGE, INC
D/B/A GREENWAY DODGE CHRYSLER JEEP,

    Defendant.

_____/

## GREENWAY'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendant, Greenway Chrysler-Jeep-Dodge, Inc. d/b/a Greenway Dodge Chrysler Jeep ("Greenway") hereby files its Answer and Affirmative Defenses to the Second Amended Class Action Complaint filed by Clifton Picton (the "Complaint") (Doc. 27), individually and on behalf of all others similarly situated ("Picton"), and as a general denial, Greenway denies all allegations, contentions, characterizations, implications, facts and legal conclusions not specifically and expressly admitted herein.

### NATURE OF THE ACTION[1]

1.    Paragraph 1 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

2.    Admitted that Greenway is an automotive retailer operating in this country. The remainder of Paragraph 2 contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

---

[1] For formatting purposes only, Greenway has mirrored the headings as laid out in the Complaint. Greenway's use of the headings is in no way to be construed as an admission of any kind.

1

3. Admitted that Greenway hired a third-party vendor, BDC, to transmit voicemail messages without ringing or calling the telephone of existing customers who had consented to receiving marketing communications from Greenway. The remainder of Paragraph 3 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require further response, they are denied.

4. Greenway admits Plaintiff purports to bring a claim under the TCPA but denies Plaintiff is entitled to any relief.

5. Greenway admits Plaintiff seeks damages under the TCPA but denies Plaintiff is entitled to any remedy or relief.

## JURISDICTION AND VENUE

6. Admitted this Court has jurisdiction of Plaintiff's claims, otherwise denied.

7. Admitted venue is proper in this Court, otherwise denied.

## PARTIES

8. Without knowledge and therefore denied.

9. Admitted Greenway is a Florida corporation with its principal place of business located at 9051 E. Colonial Dr., Orlando, FL 32817. Admitted Greenway conducts business in Florida. Otherwise denied.

10. Admitted that according to public records available on the website of Florida's Division of Corporations, BDC is a Florida corporation with its principal place of business located at 2729 SE 48th Ave, Ocala, Florida 34480. Admitted that BDC conducts business in Florida. Greenway is without knowledge as to the remainder of the allegations in Paragraph 10 of the Complaint, therefore otherwise denied.

11. Without knowledge and therefore denied.

## THE TCPA

12. Admitted.

13. Paragraph 13 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

14. Paragraph 14 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

15. Paragraph 15 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

16. Paragraph 16 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

17. Paragraph 17 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

18. Paragraph 18 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

19. Paragraph 19 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

20. Paragraph 20 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

21. Paragraph 21 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

22. Paragraph 22 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

23. Paragraph 23 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

24. Paragraph 24 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

## FACTS

### Greenway's Relationship with BDC and Voicelogic

25. Denied the subject prerecorded calls were sent at the direction or under the control of Greenway. Greenway is without knowledge as to the remainder of the allegations contained in Paragraph 25, and therefore otherwise denied.

26. Admitted that the content of the 'subject prerecorded calls'[2] were approved by Greenway. Otherwise denied.

27. Admitted that Greenway could have modified the content of the subject prerecorded messages before transmission and that BDC was responsible for transmission. Otherwise denied.

28. Admitted that Greenway had a right to control the BDC telemarketing activities that are the subject of this lawsuit and that it exerted some control over those activities. Otherwise denied.

29. Admitted that Greenway authorized BDC to use its name in the subject marketing campaign. Otherwise denied.

30. Denied.

31. Without knowledge and therefore denied.

32. Denied.

---

[2] Greenway adopts Plaintiff's nomenclature to identify the messages allegedly sent for convenience and ease of reference and review. The use of Plaintiff's terms is not an admission of any kind, and Greenway expressly denies the that messages were "calls" as that term is defined in the TCPA.

33. Denied.

34. Denied.

35. Denied.

## "Ringless" Voicemails are Regulated by the TCPA

36. Greenway admits "ringless" voicemail technology was created; otherwise, denied.

37. Paragraph 37 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

38. Greenway admits "ringless" voicemail technology allows the delivery of a voicemail message to a cellular telephone without calling or ringing the phone, which the user can choose to delete or ignore. Otherwise, denied.

39. Denied.

40. Denied that the "ringless' voicemails are transmitted to cellular telephones by the same method as the transmission of a text message. The remainder of Paragraph 40 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied. Greenway is without knowledge as to how other companies, such as Stratics, engage in or market "ringless" technology.

45. Paragraph 45 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

### Failed FCC "Ringless" Voicemail Petition

46. Based on PACER records, Greenway generally admits the allegations of Paragraph 46.

47. Based on PACER records, Greenway admits an unrelated defendant and marketing company's actions were at issue in *Mahoney*. Otherwise denied.

48. Based on PACER and other publically available records, Greenway generally admits the allegations of Paragraph 48.

49. Without knowledge and therefore denied.

50. Admitted that based on the hyperlink contained in Footnote 9 of the Complaint, several members of Congress wrote a letter to the Chairmen of the FCC. Otherwise denied.

51. Admitted that based on the hyperlink contained in Footnote 10 of the Complaint several non-Florida Attorneys General filed papers with the FCC regarding the RVM Petition. Otherwise denied.

52. Admitted.

### Facts Specific to Plaintiff

53. Admitted the block quote is an accurate representation of the content of the 'subject prerecorded calls.' Denied Plaintiff received a call as that term is defined in the TCPA. Further denied that Greenway directed Voicelogic to make any 'subject prerecorded call.' Without knowledge as to the remainder of the allegations in Paragraph 53 of the Complaint; therefore, denied.

54. Admitted.

55. Denied Plaintiff received a call as that term is defined in the TCPA. Without knowledge as to the remainder of the allegations contained in Paragraph 55; therefore, denied.

56. Admitted the block quote is an accurate representation of the content of the 'subject prerecorded calls.' Otherwise denied.

57. Admitted.

58. Without knowledge and therefore denied.

59. Denied.

60. Paragraph 60 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

61. Paragraph 61 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

62. Denied Plaintiff received any call as that term is defined in the TCPA. Greenway is without knowledge as to the remainder of the allegations contained in Paragraph 62; therefore, denied.

63. Denied.

64. Denied.

65. Denied.

## CLASS ALLEGATIONS

### Proposed Class

66. Admitted that Plaintiff purports to bring this case as a class action but denies Plaintiff is entitled to do so.

67. Admitted that Plaintiff purports to bring this case as a class action as defined but denies Plaintiff is entitled to do so.

68. Admitted that Plaintiff purports to exclude certain individuals as defined but denies any class exists at all.

Case 6:19-cv-00196-GAP-DCI   Document 30   Filed 07/22/19   Page 8 of 12 PageID 200

### Numerosity

69. Denied.

70. Denied.

### Common Questions of Law and Fact

71. Greenway denies there are questions of law and fact common to the proposed Class, therefore Paragraph 71 and all of its subparts are denied.

72. Denied.

### Typicality

73. Denied.

### Adequacy

74. Denied.

75. Without knowledge and therefore denied.

### Proceeding Via Class Action is Superior and Advisable

76. Denied.

77. Denied.

### COUNT I

### Violations of the TCPA, 47 U.S.C. § 227(b)

### (On Behalf of Plaintiff and the Class)

78. Greenway re-alleges and incorporates paragraphs 1-77 as if fully set forth herein

79. Paragraph 79 of the Complaint contains legal conclusions that do not require response. To the extent that any allegations in this paragraph require a response, they are denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

WHEREFORE, Greenway respectfully requests the Court enter a final judgment in its favor and against Plaintiff, and grant Greenway the costs incurred in defending this action

## AFFIRMATIVE DEFENSES

Without admitting, acknowledging or assuming any burden of proof that Greenway would not otherwise bear under law, and reserving the right to assert additional or amended affirmative defenses as discovery progresses, Greenway hereby asserts the following affirmative defenses:

### First Affirmative Defense

Picton lacks standing to assert a claim under the Telephone Consumer Protection Act. Greenway's alleged conduct cannot violate the TCPA based on the plain language of the statute and its purpose as revealed by legislative and regulatory history.

### Second Affirmative Defense

Picton has not been damaged in any amount or manner by reasons of any act alleged against Greenway in the Complaint and, therefore, the relief prayed for in the Complaint cannot be granted.

### Third Affirmative Defense

The TCPA allows a court to increase the statutory damages by not more than 3 times the amount of actual or statutory damages, but only upon finding that Greenway willfully or knowingly violated the statute. Plaintiff seeks treble damages under this provision. At the time of the alleged violation, no court nor the Federal Communication Commission had ever concluded that ringless voicemail technology violated the Telephone Consumer Protection Act. Moreover,

the company that deployed any ringless voicemail marketed the technology as being fully compliant with all applicable law. No basis exists to support treble damages.

### Fourth Affirmative Defense

Plaintiff purports to represent a class of individuals who allegedly received the same or similar prerecorded messages as Plaintiff. A class cannot be certified under the Federal Rule of Civil Procedure 23 because Plaintiff cannot meet his burden to prove that: (1) he can readily identify class members; (2) the class is so numerous that joinder of all members would be impractical; (3) there are questions of law or fact common to the class; (4) the representative party and counsel will fairly and adequately protect the interests of the class; and (5) questions of law or fact common to class members will predominate over individualized questions. Plaintiff can establish none of these requirements, therefore his class claims must be dismissed.

### Fifth Affirmative Defense

It is not unlawful to transmit a ringless voicemail using an automatic telephone dialing system or an artificial or prerecorded voice if the call is made with the consent of the called party.

### Sixth Affirmative Defense

There is no liability for calling a cell phone using either an automatic telephone dialing system or an artificial or prerecorded voice so long as the recipient is not charged for the call.

### Seventh Affirmative Defense

There is no liability for calls to residential lines even where an artificial or prerecorded voice leaves a message.

**Eighth Affirmative Defense**

There is no liability under the TCPA for calls to residential lines where the caller has an established business relationship at the time the call was made.

Respectfully submitted this 22 day of July, 2019,

/s/ Jason Zimmerman
Jason A. Zimmerman, Lead Trial Counsel
Florida Bar No. 104392
Primary Email Address:
jason.zimmerman@gray-robinson.com
Secondary Email Addresses:
cindi.garner@gray-robinson.com
kathy.savage@gray-robinson.com
Brock Magruder
Florida Bar No. 112614
Primary Email Address:
brock.magruder@gray-robinson.com
Secondary Email Address:
shawna.tucker@gray-robinson.com
Jeffrey M. Aaron
Florida Bar No. 123473
Primary Email Address:
jeff.aaron@gray-robinson.com
Secondary Email Address:
donna.flynn@gray-robinson.com
**GrayRobinson, P.A.**
P.O. Box 3068
301 East Pine Street, Suite 1400 (32801)
Orlando, Florida 32802
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690

*Attorneys for Defendant Greenway Chrysler-Jeep-Dodge, Inc. d/b/a Greenway Dodge Chrysler Jeep*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 22, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will forward a true and correct copy of the foregoing via email to: MANUEL S. HIRALDO [mhiraldo@hiraldolaw.com], Hiraldo, P.A., 401 E. Las Olas Boulevard, Suite 1400, Ft. Lauderdale, FL 33301; MICHAEL EISENBAND [Meisenband@Eisenbandlaw.com], Eisenband Law, P.A., 515 E. las Olas Boulevard, Suite 120, Fort Lauderdale, FL 33301; SCOTT A. EDELSBERG [scott@edelsberglaw.com], Edelsberg Law, P.A., 2875 N.E. 191st Street, Suite 703, Aventura, FL 33180; IGNACIO J. HIRALDO [ijhiraldo@ijhlaw.com], IJH Law, 14 NE First Avenue, 10th Floor, Miami, FL 33131 and to ANDREW J. SHAMIS [ashamis@shamisgentile.com], Shamis & Gentile, P.A., 14 NE First Avenue, #1205, Miami, FL 33132.

/s/ Jason Zimmerman
Jason A. Zimmerman, Lead Trial Counsel
Florida Bar No. 104392