UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case: 6:19-cv-00196-GAP-DCI

CLIFTON PICTON,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

GREENWAY CHRYSLER-JEEP-DODGE,
INC., BDC PROMOTIONS, INC., and
VOICELOGIC,

      Defendant.

_____/

**DEFENDANT, BDC PROMOTIONS, INC.'S,
CORRECTED[1] ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT [DE 27]**

COMES NOW Defendant, BDC PROMOTIONS, INC. (hereinafter the

"DEFENDANT" or "BDC"), by and through undersigned counsel, and hereby files this

Corrected Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint,

stating:

**NATURE OF THE ACTION**

1.      Denied.

2.      Unable to admit or deny as Defendant BDC lacks knowledge as to Greenway's

knowledge regarding the TCPA, therefore denied.

---

[1] Due to clerical error, an incomplete version of this document was originally filed under DE
46.

3.      Denied that BDC violated the TCPA or that ringless voicemail technology violates the TCPA.  Defendant demands strict proof thereof.

4.      Admitted for purposes of claims identification only.  Denied that Defendant BDC violated the TCPA; Defendant demands strict proof thereof.

5.      Admitted for purposes of claims identification only.  Denied that Plaintiff is entitled to statutory damages.  Denied that Defendant BDC violated the TCPA.

## JURISDICTION AND VENUE

6.      Admitted for purposes of jurisdiction only; otherwise denied.

7.      Admitted for purposes of jurisdiction only; otherwise denied.

## PARTIES

8.      Defendant BDC is without knowledge as to Plaintiff's citizenship or residence.

9.      Admitted that public records on file with the State of Florida represent that Greenway is a Florida corporation with a principal place of business located at 9051 E. Colonia Dr., Orlando, FL 32817.  BDC is without knowledge as to the remainder, therefore denied.

10.     Admitted BDC is a Florida corporation with a principal place of business at 2727 SE 48th Avenue, Ocala, Florida 34480.  Admitted that BDC conducts business in Florida. Otherwise denied.

11.     BDC is without knowledge, therefore denied.

## THE TCPA

12.     Admitted to the extent that Plaintiff recites certain provisions of the Telephone Consumer Protection Act ("TCPA") that are self-evident. Defendant BDC denies the

allegations, or any overt or implied assertion that its actions or alleged inactions violate these provisions.

13. The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC. To the extent a response is required, the allegations are denied.

14. The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC. To the extent a response is required, the allegations are denied.

15. The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC. To the extent a response is required, the allegations are denied.

16. The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC. To the extent a response is required, the allegations are denied.

17. The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC. To the extent a response is required, the allegations are denied.

18. The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC. To the extent a response is required, the allegations are denied.

19.     The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC.  To the extent a response is required, the allegations are denied.

20.     The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC.  To the extent a response is required, the allegations are denied.

21.     The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC.  To the extent a response is required, the allegations are denied.

22.     The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC.  To the extent a response is required, the allegations are denied.

23.     The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC.  To the extent a response is required, the allegations are denied.

24.     The allegations in this paragraph do not require a response as they contain legal conclusions not directed at Defendant BDC.  To the extent a response is required, the allegations are denied.

## FACTS

### Greenway's Relationship with BDC and Voicelogic

25.     Denied that Defendant BDC sent any messages.  Admitted that Voicelogic sent ringless voicemail messages on behalf of Greenway.  Denied that the subject messages constituted "calls" under the TCPA.

26.     Admitted that BDC consulted with Greenway regarding the content of the messages.  Admitted that Greenway approved the use of ringless voicemail messages.

27.     Denied that BDC actually transmitted the subject messages.  Admitted that Greenway retained the right to change or add to the content of the messages.

28.     Admitted.

29.     Admitted that Greenway authorized BDC to use Greenway's name in the subject messages; otherwise, denied as phrased.

30.     Admitted that Greenway was aware of BDC's marketing activities.  Denied that any action by BDC violated the TCPA; Defendant BDC demands strict proof thereof.

31.     Admitted that Voicelogic was aware that BDC conducted marketing activities on behalf of BDC.  Denied that any action by BDC violated the TCPA; Defendant demands strict proof thereof.

32.     Admitted that the subject messages were transmitted directly by Voicelogic. Defendant BDC denies the allegations, or any overt or implied assertion that its actions or alleged inactions violate these provisions.

33.     Denied that any violation of the TCPA occurred; Defendant BDC demands strict proof thereof.

34.     Admitted only that Greenway was aware of BDC's marketing activities. Denied that any violation of the TCPA occurred; Defendant BDC demands strict proof thereof.

35.     Admitted only that Greenway was aware of BDC's marketing activities. Denied that any violation of the TCPA occurred; Defendant BDC demands strict proof thereof.

## "Ringless" Voicemails are Regulated by the TCPA

36.     Defendant BDC denies the allegations, or any overt or implied assertion, that its actions or alleged inactions violate the TCPA.

37.     Denied; Defendant demands strict proof thereof.

38.     Admitted that ringless voicemail technology can deliver prerecorded messages. As to the remainder, denied to the extent Defendant BDC lacks sufficient knowledge.

39.     Defendant BDC denies any overt or implied assertion that its actions or alleged inactions violate the TCPA.  As to the remainder, denied to the extent Defendant BDC lacks sufficient knowledge.

40.     Admitted only to the extent that Plaintiff recites certain provisions of judicial opinions that are self-evident. Defendant BDC denies the allegations, or any overt or implied assertion that its actions or alleged inactions violate provisions of the TCPA.

41.     Defendant BDC denies any overt or implied assertion that its actions or alleged inactions violate the TCPA.  As to the remainder, denied to the extent Defendant BDC lacks sufficient knowledge.

42.     Defendant BDC denies any overt or implied assertion that its actions or alleged inactions violate the TCPA.

43.     Admitted only that a ringless voicemail may attempt to communicate with a consumer.  Defendant BDC denies any overt or implied assertion that its actions or alleged inactions violate the TCPA.

44.     Defendant BDC denies any overt or implied assertion that its actions or alleged inactions violate the TCPA.  As to the remainder, denied to the extent Defendant BDC lacks sufficient knowledge.

45.     Admitted to the extent that Plaintiff recites certain provisions of an FCC declaratory order that are self-evident. Defendant BDC denies the allegations, or any overt or implied assertion that its actions or alleged inactions violate provisions of the TCPA.

**Failed FCC "Ringless" Voicemail Petition**

46.     This paragraph is not directed at Defendant BDC and therefore no response is required.  To the extent a response is required, Defendant BDC admits the allegations to the extent Plaintiff cites a court docket that is self-evident.

47.     This paragraph is not directed at Defendant BDC and therefore no response is required.  To the extent a response is required, Defendant BDC admits the allegations to the extent Plaintiff cites a court docket that is self-evident.

48.     This paragraph is not directed at Defendant BDC and therefore no response is required.  To the extent a response is required, Defendant BDC admits the allegations to the extent Plaintiff cites a court docket that is self-evident.

49.     This paragraph is not directed at Defendant BDC and therefore no response is required.  To the extent a response is required, Defendant BDC admits the allegations to the extent Plaintiff cites news articles that are self-evident.

50.     This paragraph is not directed at Defendant BDC and therefore no response is required.  To the extent a response is required, Defendant BDC admits the allegations to the extent Plaintiff cites an FCC docket that is self-evident.

51.     This paragraph is not directed at Defendant BDC and therefore no response is required.  To the extent a response is required, Defendant BDC admits the allegations to the extent Plaintiff cites an FCC docket that is self-evident.

52.     This paragraph is not directed at Defendant BDC and therefore no response is required.  To the extent a response is required, Defendant BDC is unable to admit or deny the allegations as it lacks sufficient knowledge.

### Facts Specific to Plaintiff

53.     Admitted that Defendant BDC directed Voicelogic to transmit ringless voicemail messages on behalf of Greenway.  Denied that any such transmission constituted a "call" under the TCPA.  As to the remainder, denied to the extent Defendant BDC is without knowledge.

54.     This paragraph is not directed at Defendant BDC and therefore no response is required.  To the extent a response is required, Defendant BDC is unable to admit or deny the allegations as it lacks sufficient knowledge.

55.     Denied that Plaintiff received a "call," as that term is defined under the TCPA. As to the remainder, denied to the extent Defendant BDC is without knowledge.

56.     Defendant BDC is without knowledge, therefore denied.

57. This paragraph is not directed at Defendant BDC and therefore no response is required. To the extent a response is required, denied to the extent Defendant BDC is without knowledge.

58. This paragraph is not directed at Defendant BDC and therefore no response is required. To the extent a response is required, denied to the extent Defendant BDC is without knowledge.

59. Defendant BDC is unable to admit or deny the allegations as it lacks sufficient knowledge.

60. Admitted that messages ordered on behalf of Greenway promoted the dealership and inventory. Defendant BDC denies any overt or implied assertion that its actions or alleged inactions violate the TCPA.

61. Admitted that messages ordered on behalf of Greenway promoted the dealership and inventory. Defendant BDC denies any overt or implied assertion that its actions or alleged inactions violate the TCPA.

62. Defendant BDC denies that its actions or alleged inactions violated the TCPA. As to the remainder, denied to the extent Defendant BDC is without knowledge.

63. Admitted that messages ordered on behalf of Greenway were attempted to persons believed to reside within this district. Denied that Defendant BDC placed any "calls," as that term is defined by the TCPA. Defendant BDC denies any overt or implied assertion that its actions or alleged inactions violate the TCPA.

64. Denied to the extent Defendant BDC is without knowledge.

65. Denied; Defendant BDC demands strict proof thereof.

## CLASS ALLEGATIONS

### Proposed Class

66.     Admitted for purposes of claims identification only.  Denied that Plaintiff is entitled to bring a class action.

67.     Admitted for purposes of claims identification only.  Denied that any violation occurred.

68.     Admitted for purposes of claims identification only.  Denied that any violation occurred.

### Numerosity

69.     Denied; Defendant demands strict proof thereof.

70.     Denied; Defendant demands strict proof thereof.

### Common Questions of Law and Fact

71.     Denied as to each part and sub-part; Defendant demands strict proof thereof.

72.     Denied; Defendant demands strict proof thereof.

### Typicality

73.     Denied; Defendant demands strict proof thereof.

### Adequacy

74.     Denied; Defendant demands strict proof thereof.

75.     Denied; Defendant demands strict proof thereof.

### Proceeding Via Class Action is Superior and Advisable

76.     Denied; Defendant demands strict proof thereof.

77.     Denied; Defendant demands strict proof thereof.

## COUNT I

### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On behalf of Plaintiff and the Class)

78.     Defendant re-asserts and incorporates the responses to the allegations contained in the foregoing paragraphs by reference, as if fully re-stated herein.

79.     Admitted to the extent that Plaintiff recites provisions of the TCPA that are self-evident.  Defendant BDC denies the allegations, or any overt or implied assertion that its actions or alleged inactions violate provisions of the TCPA.

80.     Admitted that Voicelogic transmitted messages at the direction of BDC and on behalf of Greenway.  Denied as to the remainder; Defendant demands strict proof thereof.

81.     Denied; Defendant demands strict proof thereof.

82.     Denied; Defendant demands strict proof thereof.

83.     Denied; Defendant demands strict proof thereof.

## JURY DEMAND

Defendant BDC demands trial by jury for any issues remaining after the determination of any dispositive motion.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant BDC affirmatively alleges that it is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

### Second Affirmative Defense

Defendant affirmatively alleges that Plaintiff's claims are not actionable to the extent Plaintiff provided the requisite "prior express consent" to receive the subject

communication(s), as provided by the Federal Communications Commission and the law of this Circuit.

**Third Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint

**Fourth Affirmative Defense**

Defendant asserts that any alleged calls to Plaintiff were authorized as Plaintiff failed to provide any written or oral revocation of consent as defined under the TCPA and applicable administrative or judicial interpretations.

**Fifth Affirmative Defense**

Assuming *arguendo* that Defendant BDC violated the TCPA, as alleged in the Complaint, which Defendant BDC denies, any such violation was not intentional.

**Sixth Affirmative Defense**

Defendant affirmatively alleges that any claims or allegations which occurred more than four (4) years from the date the Complaint was filed are barred by the statute of limitations under the TCPA.

**Seventh Affirmative Defense**

Defendant affirmative alleges that the ringless voicemail messages at issue do not violate any provision of the TCPA.

WHEREFORE Defendant, BDC PROMOTIONS, INC., requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorneys' fees and costs, as provided under applicable law.

Respectfully submitted this **4th** day of **September, 2019**.

> */s/ Rachel M. Ortiz*
> Ernest H. Kohlmyer, III
> Florida Bar No. 110108
> Skohlmyer@shepardfirm.com
> Rachel M. Ortiz
> Florida Bar No. 0083842
> ROrtiz@shepardfirm.com
> Shepard, Smith, Kohlmyer & Hand, P.A.
> 2300 Maitland Center Parkway, Suite 100
> Maitland, Florida 32751
> Phone: (407) 622-1772
> Fax: (407) 622-1884
> *Counsel for Defendant, BDC Promotions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **September 4, 2019**, via the Court Clerk's CM/ECF system which will provide notice to all parties' counsel of record by operation of the Court's electronic filing system.

> */s/ Rachel M. Ortiz*
> Rachel M. Ortiz, Esq.
> Florida Bar No. 0083842