**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:19-cv-00196-GAP-DCI**

CLIFTON PICTON,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

GREENWAY CHRYSLER-JEEP-DODGE,
INC., d/b/a GREENWAY DODGE
CHRYSLER JEEP,

      Defendant.

_____/

                         **CLASS ACTION**

                         **JURY TRIAL DEMANDED**

**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

1

This Settlement Agreement and Release (the "Agreement") is entered into between and among the following parties, by and through their respective counsel: Plaintiff Clifton Picton ("Plaintiff" or "Class Representative"), on behalf of himself and the Settlement Class defined below, subject to approval by the Court, and Defendant Greenway Chrysler-Jeep-Dodge, Inc. d/b/a Greenway Dodge Chrysler Jeep, ("Defendant" or "Greenway"). Plaintiff and Defendant will sometimes be referred to together as the "Parties," or, individually, as a "Party."

WHEREAS, on January 31, 2019, Plaintiff filed a Class Action Complaint (the "Complaint") on behalf of himself and a putative class in the lawsuit styled *Picton v. Greenway Chrysler-Jeep-Dodge, Inc d/b/a Greenway Dodge Chrysler Jeep,* Case No. 6:19-cv-00196-GAP-DCI (M.D. Fla. 2019) (the "Action"), which asserted claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") against Defendant Greenway, including that he and members of the class received prerecorded messages using "ringless" voicemail technology from or on behalf of Greenway, which allegedly harmed him and the class (the "Allegations") and sought declaratory and injunctive relief, statutory damages, attorneys' fees, and costs;

WHEREAS, on November 14, 2019, with the assistance of mediator Rodney Max of Upchurch Watson White & Max Mediation Group, counsel for the Parties met in Orlando, Florida and engaged in intensive arm's length negotiations and an all-day mediation in an attempt to resolve Plaintiffs' Allegations with a view toward achieving substantial benefits for the Settlement Class as a whole, while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice;

WHEREAS, the Parties' ultimately reached an agreement in principle to resolve the Action;

WHEREAS, based on their thorough investigation of the Allegations ~~and the experience~~

of ~~Class Counsel~~ through litigation and discovery and as part of the mediation process, and having taken into account the contested issues involved in this litigation, the risks and costs to the Settlement Class of continuing litigation and attendant appeals, the uncertain outcomes of continued litigation and attendant appeals, and the relief provided to the Settlement Class pursuant to this Agreement, Plaintiff and Class Counsel have concluded, in light of the experience of Class Counsel, that the terms and conditions of this Agreement are fair, reasonable, and adequate to, and in the best interest of, the Settlement Class, and have thus agreed to settle this litigation on the terms set forth herein;

WHEREAS, Plaintiff, on behalf of himself and as the representative of the Settlement Class, and Defendant, though expressly disclaiming any liability or wrongful conduct, desire to resolve the dispute between them;

WHEREAS, Plaintiff, on behalf of himself and as the representative of the Settlement Class, and Defendant will execute this Agreement solely to compromise and settle protracted, complicated, and expensive litigation; and

WHEREAS, Defendant denies any and all liability or wrongdoing to the Class Representative and to the Settlement Class.  Nonetheless, Defendant has concluded that further litigation would be protracted and expensive, has taken into account the uncertainty and risks inherent in this Action, and has determined that it is desirable that the Action and the Allegations be fully, completely, and finally settled in the manner and on the terms set forth herein.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Action shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions in this Agreement,

and without costs (except as provided herein), subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

## I.   **<u>DEFINITIONS</u>**

In addition to the terms defined above and at other places in this Agreement, the following defined terms have the meaning set forth below:

A.   "Administrator" means Epiq Class Action & Claims Solutions, Inc. ("Epiq") which, subject to Court approval, shall be responsible for administrative tasks, which may include, without limitation: (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing the Settlement Website; (e) receiving and processing Settlement Claims Forms and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementing and administrating this Agreement, subject in all cases to approval by Class Counsel and Counsel for Defendant. Class Counsel and Counsel for Defendant may, by agreement, substitute a different entity as Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally.  In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different entity as Administrator on a showing of good cause.

B.   "Agreement" means this Settlement Agreement and Release and all attachments and exhibits hereto.

C.   "Approved Claim" means a Claim Form submitted by a Settlement Class Member to the Administrator that: (i) is received by the Administrator or postmarked on or before the Claim Deadline; (ii) is fully and truthfully completed by a Settlement Class Member with all information requested in the Claim Form, and in accordance with the instructions set forth on the Claim Form;

4

(iii) is signed by the Settlement Class Member; (iv) contains a telephone number that is confirmed to be part of the Settlement Class Data as a number that received a prerecorded message from Defendant; and (iv) is approved by the Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under the Agreement and the Final Approval Order.

D.     "Attorneys' Fees and Expenses" means the total recovery awarded by the Court to Class Counsel to compensate them (and all other attorneys for Plaintiff or the Settlement Class) for all attorneys' fees, costs, and adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs) incurred by Plaintiff or Class Counsel in connection with the Action.

E.     "Claim" means a written request for a Claim Settlement Payment submitted by a Settlement Class Member to the Administrator.

F.     "Claim Deadline" means the last date by which a Claim submitted to the Administrator by a Settlement Class Member for a Claim Settlement Payment must be postmarked, which shall occur no later than fifteen (15) days after the Final Approval Hearing. All Claims postmarked on or before the Claim Deadline shall be timely, and all Claims postmarked after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Payment.

G.     "Claim Form" means the form attached as **Exhibit 1** to this Agreement and/or as ultimately approved by the Court.

H.     "Claim Period" means the period of time during which Claims may be submitted to the Administrator and shall begin on the date Class Notice is sent and end on the Claim Deadline. In no event shall the Claim Period exceed ninety (90) days.

I.      "Claim Settlement Check" means the check containing the Claim Settlement Payment for each Settlement Class Member who submits an Approved Claim.

J.      "Claim Settlement Payment" means the payment to be made to Settlement Class Members who submit Approved Claims which shall be $200 per call for the defined "Service Class" and $25 per claim for the defined "Catch-All Class".

K.      "Class Counsel" means: (a) Scott A. Edelsberg, Edelsberg, Esq., Law, PA, 20900 N.E. 30th Avenue, #417, Aventura, Florida 33180; (b) Andrew J. Shamis, Esq., Shamis & Gentile, P.A., 14 NE 1st Ave, Suite 1205, Miami, Florida 33132; (c) Manuel S. Hiraldo, Esq., Hiraldo, P.A., 401 E. Las Olas Boulevard, Suite 1400, Ft. Lauderdale, Florida 33301; (d) Michael Eisenband, Esq., Eisenband Law, P.A., 515 E. Las Olas Boulevard, Suite 120, Ft. Lauderdale, Florida 33301; and (e) Ignacio J. Hiraldo, Esq., IJH Law, 14 NE First Ave. 10th Floor, Miami, Florida 33132.

L.      "Class Notice" means the program of notice described in this Agreement to be provided to Settlement Class Members, which will notify Settlement Class Members about the details of the Settlement.

M.      "Class Period" means the time period from January 31, 2015, through the date of certification.

N.      "Confidential Information" means proprietary or commercially sensitive information or personal information subject to state and federal privacy laws that the Parties agree to protect in this Agreement from disclosure and dissemination to the public or any third-party or entity other than the Administrator.

O.      "Counsel for Defendant" means: (a) Jason A. Zimmerman, Esq., Gray Robinson, P.A., 301 East Pine Street, Suite 1400, Orlando, Florida 32801; and (b) Brock Magruder, Esq., Gray Robinson, P.A., 301 East Pine Street, Suite 1400, Orlando, Florida 32801.

P.      "Court" means the U.S. District Court for the Middle District of Florida.

Q.      "Days" means calendar days, except that, when computing any period of time under this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time under this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

R.      "Effective Date" means the fifth day after which the Final Approval Order becomes Final.

S.      "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement in accordance with class action procedures and requirements; and (ii) entering the Final Approval Order.

T.      "Final" or "Finally Approved" or "Final Approval" of this Agreement means the later of the date that (i) the time has run for any appeals from the Final Approval Order, or (ii) any such appeals have been dismissed or resolved in favor of approving, or affirming the approval of, this Agreement. To the extent there are no objections to the settlement and therefore no individual has standing to appeal the Final Approval Order, the Final Approval Order becomes "Final" five (5) days after the Court issues the Final Approval Order.

U.      "Final Approval Order" means the order and judgment to be entered by the Court, substantially in the form, and without material change to, the order attached hereto as **Exhibit 2**, approving this Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure, and making

such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including granting Final Approval to the Settlement and ruling on Class Counsel's application for attorneys' fees and expenses and the Incentive Award for the Class Representative. If the Court enters separate orders addressing the matters constituting the matters set forth in this paragraph, then the Final Approval Order includes all such orders.

V.     "Long-Form Notice" means the notice that is made available on the Settlement Website and upon request from the Administrator, in substantially the form attached as **Exhibit 3** to this Agreement.

W.     "Mail Notice" means the double-sided postcard individual notice, which includes a claim form with prepaid postage, sent by first class mail by the Administrator to Settlement Class Members, in substantially the form attached as **Exhibit 4** to this Agreement.

X.     "Notice and Administrative Costs" means the reasonable costs and expenses authorized by the Court and approved by Class Counsel and Counsel for Defendant of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with determining mailing addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments.

Y.     "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement to be able to object to the Settlement. The Objection Deadline shall be no later than thirty (30) days before the Final Approval Hearing.

Z.     "Opt-Out Deadline" means the date identified in the Preliminary Approval Order

and Class Notice by which a Request for Exclusion must be filed in writing with Class Counsel (or the Administrator) for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than thirty (30) days before the Final Approval Hearing.

AA.     "Preliminary Approval Order" means an order to be entered by the Court certifying the Settlement Class and granting preliminary approval to the Settlement, substantially in the form attached hereto as **Exhibit 5**, without material change.

BB.     "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees, costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, including any legal or equitable theory, that were or could have been asserted in the Action, or that relate to or arise from the Allegations, including, but not limited to, any and all claims under the TCPA or any related state analogue., and including without limitation claims for injunctive or declaratory relief, statutory damages, attorneys' fees, and costs that were or could have been alleged in the Action or in any similar case in a court of competent jurisdiction anywhere in the United States.

CC.     "Released Parties" means the following: Defendant and each of its affiliates, agents, past or present or future owners, direct or indirect owners, successors, parents, subsidiaries, predecessors, investors, directors, officers, employees, partners, managers, members, principals, co-venturers, joint venturers, divisions, assigns, underwriters, insurers, co-insurers, re-insurers,

indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and lenders, as well as each of those entities' or persons' affiliates, agents, past or present or future owners, direct or indirect owners, successors, parents, subsidiaries, predecessors, investors, directors, officers, employees, partners, managers, members, principals, co-venturers, joint venturers, divisions, assigns, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and lenders.

DD.    "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class.

EE.    "Incentive Award" means any approved payment to the Class Representative.

FF.    "Settlement" means the settlement set forth in this Agreement.

GG.    "Settlement Class" means all members of the class of persons in this Action that will be certified by the Court for settlement purposes including both the "Service Class" and the "Catch-All Class" as follows:

> **"Service Class"** means **"**All persons within the United States who (1) were successfully transmitted a prerecorded message; (2) promoting Defendant's goods and/or services; (3) on their mobile telephone; (4) on February 21st, 26th, and/or 28th 2018; (5) that was sent using the "ringless" voicemail platform hosted by Infolink Communications, Ltd., d/b/a Voicelogic; (6) after having provided their telephone number to Defendant for purposes of obtaining vehicle service from Defendant; (7) and have not purchased a vehicle from Defendant."

> **"Catch-All Class"** means **"**All persons within the United States who (1) were successfully transmitted a prerecorded message; (2)

promoting Defendant's goods and/or services; (3) on their mobile telephone;(4) that was sent using the "ringless" voicemail platform hosted by Infolink Communications, Ltd., d/b/a Voicelogic."

The Settlement Class excludes the following: (1) Defendant; (2) its parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest; (3) all customers who make timely election to be excluded; and (4) all judges assigned to this litigation and their immediate family members.

HH.     "Settlement Class Claimant" means any Settlement Class Member who submits a Claim in accordance with this Agreement.

II.     "Settlement Class Data" means data relating to approximately 55,000 persons who, according to Defendant's records, may be Settlement Class Members.  The Settlement Class Data is customer information provided by the Defendant that is reasonably necessary to administer the settlement and to distribute funds.   The Settlement Class Data shall be kept in the strictest confidence as Confidential Information., shall be accessed and used only the by Administrator for purposes of carrying out the Administrator's duties  under the Settlement, and shall not be used for any other business, litigation or other purpose of any kind or nature whatsoever.

JJ.     "Settlement Class Member(s)" means any member of the Settlement Class.

KK.     "Settlement Class Payment List" means the list of all Settlement Class Members who filed a Claim; whether the Claim was rejected or accepted, and, if rejected, the reason it was rejected; the address to which the Claim Settlement Check shall be sent; and the total amount of Claim Settlement Payments to be made.

LL.     "Settlement Fund" means the total maximum amount that Defendant has agreed to make available to cover Claim Settlement Payments to the Settlement Class—which shall not exceed One Million Four Hundred Twenty Four Thousand and Four Hundred Dollars and Zero

Cents ($1,424,400.00) for the Service Class and One Million Three Hundred Twenty Thousand and Six Hundred Dollars and Zero Cents ($1,320,600.00) for the Catch-All Class. Attorneys' Fees and Expenses, all Notice and Administration Costs, and any Incentive Award will be paid separate and apart from the Settlement Fund.

MM.   "Settlement Website" means www.GreenwayTCPAsettlement.com, the website prepared by the Administrator in connection with the process of providing Class Notice to Settlement Class Members.

## II.  SETTLEMENT TERMS

### A.   Certification of Settlement Class and Conditional Nature of Agreement

For settlement purposes only, Defendant conditionally agrees not to oppose certification of the Settlement Class. Defendant's conditional agreement is contingent on (i) the Parties' execution of this Agreement, (ii) the Court's entry of the Preliminary Approval Order, and (iii) the Court's entry of the Final Approval Order, and the Final Approval Order becoming Final. Except as provided below, if this Agreement, for any reason, does not receive Final Approval, if the Final Approval Order does not become Final, or if the Agreement is otherwise terminated, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or used for any purpose whatsoever, and the negotiation, terms, and entry of the Agreement shall remain inadmissible under the Federal Rules of Civil Procedure, Federal Rule of Evidence 408, and any applicable state law or rule of civil procedure or evidence.  Nothing in this Agreement shall be construed as an admission by Defendant of any wrongdoing as asserted in the Action or that this Action is amenable for class certification for any purpose other than this settlement or that any of the Released Claims or the Action are meritorious in any respect.  The Parties agree, for the sole purpose of effecting a settlement, and upon the express terms and conditions set out in this

Agreement, Plaintiff shall seek, and Defendant will not oppose, certification of the Settlement Class defined above.  Plaintiff, on behalf of itself and the Settlement Class, acknowledge and agree that if this Agreement  is not fully and finally approved by the Court without material change, the settlement is voidable at the election of either Party and, if voided, that Defendant has not waived and has expressly reserved the right to challenge the certification of the Settlement Class and the substantive merits of Plaintiff's Claims in the Action, or any similar case, and to object to and appeal any order entered in the Action or any similar case.  The Court's certification of the Settlement Class is not and shall not be deemed to be an adjudication of any fact or issue for any purpose other than the accomplishment of the settlement pursuant to the terms and conditions in this Agreement.

The Parties agree to jointly file any motions necessary with the Court to stay and suspend all discovery and other proceedings in the Action, in order to facilitate consummation of the settlement pursuant to the terms and conditions of this Agreement.

Defendant denies all claims, liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief that were or could have been sought in the Action, as well as all class action allegations asserted in the Action. Defendant has agreed to resolve this Action through this Agreement, but if this Agreement is terminated, deemed void, or Final Approval does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Action on all procedural, evidentiary, and factual grounds, including, without limitation, the ability to challenge on any grounds whether any class can be certified and to assert any and all defenses or privileges including but not limited to any defense based on lack of personal or subject matter jurisdiction. The Released Parties do not waive, and Plaintiff will not argue that they have waived, any defenses by negotiating or entering into this Agreement.   The Class

Representative and Class Counsel agree that Defendant retains and reserves all of these rights and agree not to take a position to the contrary., and the Parties expressly agree to do whatever is necessary legally and procedurally to return the Action or any similar case to its pre-settlement status, including filing all necessary joint motions. If the Agreement is not approved by the Court for any reason, or materially modified by the Court (including a material change to the release provided herein) such that either Party exercises its right to void the settlement, then (1) this Agreement shall immediately become null and void, (2) this settlement and all aspects of it, including but not limited to, all negotiations, terms and documents created as a result of negotiations or the proposed settlement may not be used for any purpose in this Action or any other proceeding, (3) the Action shall revert to the same procedural and legal status existing prior to the Parties entering into this Agreement, and (4) the Settlement Fund, less any administrative costs paid to the Administrator, shall be returned to the Defendant within fourteen (14) days.

**B.      Settlement Class Relief**

**1.      <u>Claim Settlement Payments to Settlement Class</u>**

In consideration for the Releases set forth in this Agreement, Defendant shall provide the following relief:

Defendant will make available up to $2,745,000.00 for the Settlement Fund including both the Service Class and Catch-All Class. Each Settlement Class Member who submits an Approved Claim shall receive a Claim Settlement Payment from the Settlement Fund. Within sixty (60) days of the Final Approval Order becoming Final, the Administrator will send, by first-class mail, a Claim Settlement Check to each Settlement Class Member with an Approved Claim. Checks will be valid for one hundred and eighty (180) days from the date on the check. Any undistributed funds will remain with Defendant, or if already being held by the Administrator, shall be returned

to Defendant within fourteen (14) days.

Except as provided in this Section and any Incentive Award that the Court awards to Plaintiff, Defendant shall have no obligation to make any other or further payments to Plaintiff or to any Settlement Class Member.

### C.     Incentive Award and Attorneys' Fees and Expenses

#### 1.     Incentive Award

Class Counsel will request, and Defendant will not oppose, an Incentive Award not to exceed Five Thousand Dollars and Zero Cents ($5,000.00), to be paid by Defendant to Plaintiff separate and apart from the Settlement Fund. If the Court awards the Incentive Award, then Plaintiff will provide to Defendant a completed W-9 form within fifteen (15) days after the Effective Date, and Defendant will deliver to Class Counsel a check made payable to Plaintiff within ten (10) days after receipt of the W-9.

#### 2.     Attorneys' Fees and Expenses

Class Counsel will request, and Defendant will not oppose, an award of Attorneys' Fees and Expenses not to exceed $650,000 which represents 23.67% of the Settlement Fund, to be paid by Defendant separate and apart from the Settlement Fund. Class Counsel shall be responsible for allocating and shall allocate among Class Counsel any Attorneys' Fees and Expenses, and Defendant shall have no responsibility, role, or liability in connection with such allocation. All Attorneys' Fees and Expenses awarded by the Court shall be paid directly by Defendant to Class Counsel within five (5) days of the Effective Date.

### III.     CLAIMS ADMINISTRATION

#### A.     Administrator

The Parties have agreed on Epiq as the Administrator. The Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations

as stated herein, the Administrator shall be responsible for, among other things and if and as necessary, for the implementation and effectuation of Class Notice, processing Claim Forms, receiving and maintaining on behalf of the Court any correspondence regarding requests for exclusion and/or objections to the Settlement, administering Claim Settlement Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

The Parties will coordinate with the Administrator to provide Mail Notice to the Settlement Class, as provided in this Agreement. The Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by court order.  The Administrator shall execute a Confidentiality Agreement in a form satisfactory to Defendant, after which the Defendant shall provide the Administrator  with the Settlement Class Data necessary to administer the settlement and to distribute funds.  The Settlement Class Data shall be kept in strict confidence, shall be accessed and used only the Administrator for purposes of carrying out the Administrator's duties under this Agreement, and shall not be used for any other business, litigation or other purpose of any kind or nature whatsoever. The Parties and the Administrator  agree the Settlement Class Data is highly confidential and proprietary to Defendant, and the Settlement Class Data (or any portion thereof) shall not be disclosed to any person or entity without Defendant's written consent.

All Notice and Administrative Costs shall be paid by Defendant separate and apart from the Settlement Fund. Defendant shall not be obligated to compute, estimate, or pay any taxes on

16

behalf of Plaintiff, any Settlement Class Member, Class Counsel, or the Administrator. The Administrator will invoice Defendant directly for start-up and initial Class Notice costs at any time after entry of the Preliminary Approval Order and will bill Defendant monthly for incurred fees and expenses thereafter.  The Administrator will complete and provide to Defendant any W-9 forms necessary for Defendant to pay for the Notice and Administrative Costs. The Administrator shall provide up-to-date cost estimates, and future cost estimates, upon request by Defendant.  The Administrator shall provide other information as reasonably requested by Defendant from time to time.

      **B.**      **Notice**

            **1.**      **<u>Notice to the Settlement Class</u>**

Class Counsel and Defendant shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Any Notices provided under or as part of the Notice Program shall not bear or include the Defendant logo or trademarks or the return address of Defendant, or otherwise be styled to appear to originate from Defendant. At Defendant's request, ownership of the Settlement Website URL shall be transferred to Defendant within ten (10) days of the date on which operation of the Settlement Website ceases, which shall be within fourteen (14) days following distribution of the Settlement Fund to Settlement Class Claimants, or such other date as Class Counsel and Defendant may agree upon in writing.

            **2.**      **<u>Settlement Class Data</u>**

Within ten (10) days after entry of the Preliminary Approval Order, Defendant —if it has not already done so—will provide to the Administrator the Settlement Class Data in electronic format.  Using the Settlement Class Data, the Administrator will determine the mailing addresses associated with each of the telephone numbers of the Settlement Class Members. The

Administrator will keep the Settlement Class Data confidential.  The Administrator will certify that it has destroyed all copies of the Settlement Class Data following distribution of the Settlement Fund in accordance with this Agreement.

        **3.**        **Mail Notice**

No earlier than seventy (75) days before the Final Approval Hearing is scheduled to take place, or at such other time as may be ordered by the Court consistent with this Agreement, the Administrator shall commence sending notice. The Administrator shall send the Mail Notice by first class U.S. Mail and shall be done with a double-sided postcard that includes the Claim Form with prepaid postage. For any Mail Notices returned as undeliverable or for any phone numbers for which Defendant lacks a mailing address, the Administrator shall perform reverse look-ups. Before any notice is commenced, Class Counsel and Defendant's counsel shall first be provided with a proof copy of such notice (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with this Agreement and with the Court's orders.

        **4.**        **Long-Form Notice**

Mailed Notices will all contain the address for the Settlement Website, www.GreenwayTCPAsettlement.com. On the website, Settlement Class members will find important documents and court filings, including the Long-Form Notice, which will contain more detail than the Mailed Notice. The Long-Form Notice will be sent to all Settlement Class members who contact the Administrator by telephone or email and request a copy.

        **5.**        **Settlement Website**

By the beginning of the Claim Period, the Administrator shall establish and maintain the Settlement Website, which, among other things: (i) enables Settlement Class Members to access and download the Claim Form, (ii) provides contact information for Class Counsel, and

(iii) provides access to relevant documents concerning the Action. Such documents shall include this Agreement and Class Notice; the Long-Form Notice, the Preliminary Approval Order; the Complaint; and, when filed, the Final Approval Order. The Class Notice shall include the address (URL) of the Settlement Website. The Administrator shall maintain the Settlement Website until at least sixty (60) days following the Claim Deadline, if not transferred to Defendants pursuant to paragraph 1 above.

**6.**     <u>**CAFA Notice**</u>

The Administrator shall serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b). Defendant will provide the Court with confirmation of service on or before the date of the Final Approval Hearing.

**C.**     **Claim Filing, Review, and Approval Process**

**1.**     <u>**Claim Form**</u>

To submit a valid Claim, Settlement Class Members must correctly provide all the information and documentation required by the Claim Form. The Claim Form shall require any Settlement Class Member who submits a Claim to provide the following documentation and information, and affirm that the documents and information provided are true and accurate under penalty of perjury: (a) Settlement Class Claimant's name, current address, telephone number, and e-mail address; (b) Settlement Class Claimant's telephone number that received a recorded message from Defendant; (c) an affirmation that the Settlement Class Claimant received a prerecorded message from Defendant within the Class Period; and (d) a declaration under penalty of perjury that all information and representations contained in the Claim Form are true and correct.

**2.**     <u>**Claim Filing Process**</u>

Settlement Class Members shall be permitted to make a Claim for a Claim Settlement Payment by submitting a Claim Form via mail or online to the Administrator on or before the

Claim Deadline. Any Settlement Class Member who does not submit an accurate and fully completed Claim Form by the Claim Deadline shall be deemed to have waived any Claim and any such Claim will be rejected.

### 3.    Invalid Claims

Any Settlement Class Member who fails to submit an Approved Claim shall not be entitled to receive a Settlement Claim Payment, but shall otherwise be bound by all of the terms in this Agreement, including the terms of the Final Approval Order and the Releases in this Agreement, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Released Claims.

### 4.    Claim Review Process

The Administrator shall confirm that each Claim Form submitted is in the form required; that each Claim Form includes the required affirmations, information, and documentation; that each Claim Form was submitted in a timely fashion; and that the Settlement Class Claimant is a member of the Settlement Class. The Administrator shall also confirm that the telephone number provided in the Claim Form appears in the Settlement Class Data as a telephone number that received a prerecorded message. All such Claim criteria shall be strictly enforced. Any Settlement Class Claimant's failure to provide any of the required affirmations or information and any Claim Form that does not meet the above criteria shall result in the Claim being deemed invalid, and Defendant shall not have any further obligation to process or make any Claim Settlement Payment on such invalid Claim. The Administrator shall not receive any incentive for denying claims.

### 5.    Settlement Class Payment List

At least thirty (30) days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Defendant with the Settlement Class Payment List.  Upon either Party's request that must be made within seven (7) days following the Parties' receipt of this List,

the Administrator will provide copies of all Claim Forms that it receives to counsel for the Parties, along with its recommendation as to whether or not each Claim Form is determined to be an Approved Claim.  If there is any question related to such documentation and/or determination, either Party may request the ~~Settlement~~ Administrator to provide additional documentation, which request must be made within seven (7) days of receipt of Parties' receipt of the Claim Forms and the ~~Settlement~~ Administrator's recommendation.  Defendant's Counsel, and Class Counsel shall each have the right to challenge the acceptance or rejection of a Claim Form submitted by purported Settlement Class Members.  Any such challenge must be made within seven (7) days after the ~~Settlement~~ Administrator has provided the requested documentation to the Parties' Counsel.  The ~~Settlement~~ Administrator shall follow any agreed decisions of Defendant's Counsel and Class Counsel regarding any challenged claims.

## D.     Opt-Out Rights

### 1.     Opt-Out Requirements

A Settlement Class Member who wishes to opt-out of the Settlement Class must do so in writing. To opt-out, a Settlement Class Member must complete and send to Class Counsel (or the Administrator), at the address listed in the Class Notice, a Request for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires). The Request for Exclusion must: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the telephone number at which the person received a prerecorded message from Defendant; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as: "I hereby request that I be excluded from the proposed Settlement Class in *Picton v. Greenway Chrysler-Jeep-Dodge, Inc d/b/a Greenway Dodge Chrysler Jeep,* Case No. 6:19-cv-00196-GAP-DCI.

21

Any Settlement Class Member who does not opt-out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments, including the Final Approval Order.

A Settlement Class Member who desires to opt-out must take timely affirmative written action in accordance with this Section, even if the Settlement Class Member desiring to opt-out (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

## 2.      Opt-Outs Not Bound

Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

## 3.      List of Requests for Exclusion

At least ten (10) days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Defendant with a list of all timely Requests for Exclusion along with copies of such Requests for Exclusion.

## 4.      Right to Terminate Based on Volume of Opt-Outs

If the number of Settlement Class members who properly and timely exercise their right to opt out of the Settlement Class exceeds five percent (5%) of the total number of Settlement Class members, Defendant shall have the right to terminate this Agreement.

## 5.      ~~4.~~ All Settlement Class Members Bound By Settlement

Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms.

### E.    Objections

Any Settlement Class Member who does not opt-out of the Settlement may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

### 1.    Process

Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Court and mailed (with the requisite postmark) to Class Counsel and Counsel for Defendant, no later than the Objection Deadline.

### 2.    Requirements

The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include:

a.   the name of the Action;

b.   the objector's full name, address, and telephone number;

c.   an explanation of the basis on which the objector claims to be a Settlement Class Member;

d.   all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e.   the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.   the identity of all counsel who represent the objector, including any former or current

counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.  a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by the objector's counsel of the counsel's law firm that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five (5) years;

h.  any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i.  the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.  the objector's signature. (An attorney's signature is not sufficient.)

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

### 3. Appearance

Subject to approval by the Court, any Settlement Class Member who files and serves a written objection in accordance with this Section may appear, in person or by counsel, at the Final

Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Counsel for Defendant by the Objection Deadline.

The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the telephone number where he or she received a prerecorded message from Defendant; and (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice and this Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

4.      **Discovery From Settlement Class Members Objecting To Settlement**

The Parties shall have the right to take discovery from any Settlement Class Member who objects to the Settlement without further leave of court. If the Settlement Class Member who objects to the Settlement is represented by counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's counsel without further leave of court.

F.      **Funding & Distribution of Settlement Fund and Claim Settlement Payment**

1.      **Settlement Fund**

As described herein, the Settlement Fund shall be used to provide the exclusive recovery and relief for the Class. Any part of the Settlement Fund that is not used to provide relief for the Settlement Class shall remain with, or if required, be reimbursed to, Defendant. Attorneys' Fees

and Expenses, any Incentive Award, and all Notice and Administrative Costs shall be paid by Defendant separate and apart from the Settlement Fund. Defendant will also directly pay for any costs incurred by the Parties when attending mediation and such payment will be separate and apart from the Settlement Fund.

### 2. Funding

From the Settlement Fund, Defendant, within thirty (30) days after the Effective Date, shall fund all amounts required by the Administrator for distribution of any Claim Settlement Payments to Settlement Class Members who submit Approved Claims.  Provided, however, that in the event the amount of Approved Claims exceeds the amount of the Settlement Fund, the Administrator shall reduce the amount of each claim, pro rata, before making the distributions.

### 3. Distribution

The Administrator shall pay any Claim Settlement Payments to Settlement Class Members who submit Approved Claims within sixty (60) days after the Effective Date.

### G. Non-Approval of Agreement

This Agreement is conditioned on Final Approval without material modification by the Court. If the Agreement is not so approved, the Parties shall have the right to withdraw from the Agreement and return to the status quo ante as if no settlement or this Agreement had been negotiated or entered into.  Defendant shall not be obligated to make any payments or provide any other monetary or non-monetary relief to Plaintiff or any member of the Settlement Class, or any Attorney's Fees or expenses to Class Counsel.  Moreover, the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they may have as to each other or any member of the Settlement Class.  Neither this Agreement, nor any other fact or statement relating to the negotiation of the Agreement, may be used, offered, or admitted as an admission or evidence

of liability. If the Agreement is approved without material modification by the Court, but is later reversed or vacated on appeal, each of the Parties shall have a right to withdraw from the Agreement and return to the status quo ante, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive, evidentiary, procedural, or rights of any kind that they may have as to each other or any member of the Settlement Class.

**H.     Termination of Agreement**

Either Party shall have the right in his or its sole discretion to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement if any of the following conditions occurs: (1) the Court, within one-hundred eighty (180) days after the motion for preliminary approval is filed, fails or declines to grant Preliminary Approval in accordance with the terms of the Preliminary Approval Order; (2) the Court, within three-hundred sixty (360) days after granting Preliminary Approval in accordance with the terms of the Preliminary Approval Order, fails or declines to grant Final Approval in accordance with the terms of the Final Approval Order; (3) an appellate court vacates or reverses the Final Approval Order; (4) the Effective Date does not occur for any reason; (5) any condition described in this Agreement, including any Exhibits, as a basis for termination or cancellation occurs; or (6) more than 20% of the Class opts out of the Settlement.

**I.     Retention of Records**

The Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date. Those records shall be maintained in accordance with this Agreement as Confidential Information.

J.      **Change in Corporate Practice**

Defendant agrees to adopt policies and procedures to ensure compliance with the TCPA, as well as the DNC Registry.

IV.     **EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION**

A.      **Exclusive Remedy; Permanent Injunction**

Upon issuance of the Final Approval Order: (i) the Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from asserting any Released Claims in any action or proceeding or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

B.      **Dismissal of Claims**

The Parties agree that upon the Effective Date, the Parties shall petition the Court for the entry of a final judgment, which, when entered, shall constitute an adjudication on the merits and shall bind the Class Representative and all Settlement Class Members except only for those who

do not timely and property submit a Request for Exclusion from the Settlement. The Action shall thereupon be dismissed with prejudice in accordance with the Final Approval Order.

        **C.**      **Continuing Jurisdiction of Court**

The Court shall retain exclusive and continuing jurisdiction over this Action, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

**V.**      **RELEASES**

Upon the Effective Date of this Agreement, the Released Parties shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims. The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any of the Released Parties based, in whole or in part, on any of the Released Claims. The Class Representatives, the Settlement Class, and each Settlement Class Member expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of the United States. Section 1542 reads as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order, shall have, nevertheless, fully, finally, and

forever waived, settled, and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

Upon the Effective Date of this Agreement, the Released Parties shall be released and forever discharged by the Plaintiff for any and all claims that he may have against any of the Released Parties.

Upon issuance of the Final Approval Order, the Plaintiff, and all Settlement Class Members shall be permanently barred and enjoined from: (a) asserting any Released Claims in any action or proceeding or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on any of the Released Claims. Nothing in this Agreement shall preclude any action to enforce the terms of the Agreement.

This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement.

## VI.   COVENANTS, REPRESENTATIONS, AND WARRANTIES

Plaintiff and the Settlement Class Members covenant and agree: (a) not to assert any of the Released Claims in any action or proceeding and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action or proceeding based on any of the Released Claims against any of the Released Parties; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on or relating to any of the Released

Claims or the facts and circumstances relating thereto against the Released Parties; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties.

Plaintiff represents and warrants that: (a) he is the sole and exclusive owner of his own Released Claims; (b) that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties; (c) that he will not assign or otherwise transfer any interest in any of the Released Claims; and (d) that he has no surviving claim or cause of action against any of the Released Parties that is not being released by this Agreement.

Class Counsel represent and warrant that: (a) they know of no other persons with claims against Defendant who are not included in the Settlement Class and whose claims will not be released upon the Effective Date of this Agreement; (b) they will keep confidential and not publicly disclose, disseminate, or use any of the information in the Settlement Class Data; and (c) they will not advertise for or solicit individuals to bring any additional lawsuits or claims against Released Parties.

## VII.   MISCELLANEOUS PROVISIONS

### A.   Receipt of Advice of Counsel

Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Release, received independent legal advice with respect to the advisability of entering into this Agreement and the Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

### B.   Cooperation to Facilitate this Settlement

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement. To that end, neither the Parties nor any person acting on their behalf shall seek to solicit or

otherwise encourage anyone to opt-out of the Agreement or to object to the Agreement or to appeal from any order of the Court that is consistent with the terms of this Agreement.

### C. Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### D. No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of himself or the Settlement Class, against Defendant.  Defendant expressly denies and disclaims any liability or wrongdoing. The existence, contents, and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible as evidence for any purpose in any proceeding, except solely for purposes of enforcement of the Agreement's terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

### E. Contractual Agreement

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

### F.    Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Defendant, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### G.    Integration

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### H.    Drafting

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

### I.    Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### J.    Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived,

except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

**K.    No Waiver**

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**L.    Severability**

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release to be illegal or invalid in any manner.

**M.    No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**N.    Taxes**

All Settlement Class Members, the Class Representative and Class Counsel shall be

responsible for paying any and all federal, state and local taxes, if any, due on the payments made to them pursuant to the settlement provided herein. No opinion concerning the tax consequences of the Settlement to members of the Settlement Class or anyone else is given or will be given by the Parties or the Parties' counsel, and no representation in this regard is made by virtue of this Agreement.

**O.    Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

**P.    Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Florida, without reference to its conflict of law provisions, except to the extent that federal law governs. The adequacy of the settlement, any determination regarding Class Counsel's fees and expenses, and any Incentive Award shall be governed by federal law.

**Q.    ~~O.~~ Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

**R.    ~~P.~~ Headings**

All headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**S.    ~~Q.~~ Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

### T. ~~R.~~ Counterparts

This Agreement may be executed in one or more counterparts. All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

### U. ~~S.~~ Facsimile and Electronic Mail

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

### V. ~~T.~~ Warranty of Signature

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

### W. ~~U.~~ No Assignment

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party.  Any Party that breaches the representations and warranties set forth in this Section shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

### X.    Confidentiality; Communications to Media and Public

The Parties agree that the terms of this Settlement shall remain confidential and not be disclosed by any Party until the Agreement is filed in connection with the Preliminary Approval Application.

Prior to the Effective Date, other than public court filings and court-ordered notice to the class, there shall be no other publication or dissemination of the terms of this Settlement by either party, their counsel, or the Administrator.   For the avoidance of any doubt, nothing in this Agreement prevents the Parties from making any disclosures required to effectuate this Agreement or from making any disclosures required by law.   The Parties also agree that before Final Approval of the Settlement, they shall not publish a press release or a release on the Internet concerning the Settlement without prior written review and approval of Defendant.   The Parties further agree that before Final Approval of the Settlement, if any print or electronic media outlet contacts any Party or its counsel seeking information or a statement regarding the Settlement, in the absence of a response agreed on by all Parties, no information will be provided in response to such inquiries.

### Y.    No Other Financial Obligation of Defendant

Defendant shall have no further obligations or liabilities to pay any fees, expenses, costs or disbursements to the Class Representative, Settlement Class Members or Class Counsel, either directly or indirectly, except as expressly contemplated under the terms of this Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: Dec 18, 2019          By: _____
                                  Clifton Picton (Dec 18, 2019)

                                  Clifton Picton
                                  *Plaintiff and Class Representative*

Dated: Dec 18, 2019          By: _____
                                  Andrew Shamis (Dec 18, 2019)

                                  Andrew J. Shamis, Esq.
                                  *Counsel for Plaintiff and the Settlement Class*

                                  **Defendant** Greenway Chrysler-Jeep-Dodge, Inc D/B/A
                                  Greenway Dodge Chrysler Jeep
Dated: 12/19/19              By: _____

                                  Name: ___EDWARD M. ALDEN_____
                                  _____TREASURER_____
                                  Title: _____

Dated: 12/19/19              By: _____

                                  Jason Zimmerman, Esq.
                                  *Counsel for Defendant*